IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **DEMARCUS DEON CRAWFORD,** ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> **UNITED STATES OF AMERICA,** ) <br> ) <br> Respondent. ) | Case No. 2:23-cv-02306-JTF-cgc |

**ORDER DENYING PETITION PURSUANT TO 28 U.S.C. § 2255, DENYING A CERTIFICATE OF APPEALABILITY, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court is Petitioner Demarcus Deon Crawford's Petition to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 ("§ 2255 Petition"), filed on May 12, 2023. (ECF No. 1.) The Government filed a response in opposition on July 14, 2023 (ECF No. 9 (sealed)), to which Crawford replied on August 11, 2023, (ECF No. 14). For the reasons set forth below, Crawford's Petition is **DENIED**.

    **I.**    **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

    **A. Criminal Case No. 16-cr-20081-JTF-3**

On August 9, 2019, a federal grand jury returned a superseding indictment charging Crawford and other members of the Gangster Disciples on 16-counts, alleging that Crawford was a member of a violent gang that had engaged in murders, kidnappings, robberies, and drug trafficking. (Criminal ("Cr.") ECF No. 758.)

Pursuant to a written plea agreement, Crawford appeared before the Court on June 7, 2019 to plead guilty to county one of the superseding indictment which charged him with conspiracy to

1

participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d) in exchange for the dismissal of all remaining counts against him. (Cr. ECF No. 1045, 1.) Crawford's guilty plea was made pursuant to Fed. R. Crim. Proc. 11(c)(1)(C) which provided for an agreed upon sentence of three-hundred (300) months confinement with the Bureau of Prisons. (*Id*. at 2.) On October 18, 2019, Crawford filed a *pro se* motion to withdraw his plea. (Cr. ECF No. 1127.) His counsel filed a substantively similar motion on February 10, 2020. (Cr. ECF No. 1199.) The Court held a hearing on the motions on February 12, 2020, and denied them. (Cr. ECF No. 1202.) At a hearing on March 9, 2020, the Court accepted the plea agreement and sentenced Crawford to three-hundred (300) months, or twenty-five years incarceration, to be followed by a five-year period of supervised release. (Cr. ECF No. 1212.) Judgment was entered on the same day. (Cr. ECF No. 1214.) On March 20, 2020, Crawford took a direct appeal, arguing that the Court erred when it denied his motions to withdraw his guilty plea. (Cr. ECF No. 1220.)  On February 9, 2022, the Sixth Circuit entered its Order Affirming the District Court's Judgment. (Cr. ECF No. 1336.)

### B.  Crawford's § 2255 Petition

On May 12, 2023, Crawford filed his *pro se* § 2255 Petition accompanied by a legal memorandum. (ECF Nos. 1 & 1-1.) The issues presented are whether Crawford was denied effective assistance of counsel because (1) counsel coerced him into pleading guilty to count one of the indictment; and (2) counsel failed to challenge a two-point firearm enhancement. (ECF No. 1-1.)

## II.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is

2

otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted). Movant has the burden of proving that he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

### III.   ANALYSIS

Crawford advances two ineffective assistance of counsel arguments: (1) that his counsel coerced him into pleading guilty; and (2) that counsel failed to object to an improper two-point enhancement.

The Sixth Amendment right to effective counsel extends to the plea-bargaining process and is governed by the two-prong *Strickland* test. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012) (citing *Missouri v. Frye*, 566 U.S. 133, 140-41 (2012)); *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). To establish constitutionally ineffective assistance in the plea-bargaining process, the movant must show not only that counsel was deficient, but that the outcome of the plea process would have been different with competent advice. *Id.* There is a strong presumption that counsel's performance falls within the "wide range of professional assistance" and that counsel "made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 689, 690; *see also United States v. Pierce*, 62 F.3d 818, 833 (6th Cir. 1995) ("We presume from the outset that a lawyer is competent, and therefore, the burden rests on the accused to demonstrate a constitutional violation." (citation omitted)). The petitioner must prove his allegation that his lawyer was constitutionally ineffective by a preponderance of the evidence. *Pough*, 442 F.3d at 964 (citing *McQueen v. United States*, 58

3

F. App'x 73, 76 (6th Cir. 2003)). A court evaluating an ineffective assistance claim does not need to address the *Strickland* components in order "or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

"Surmounting *Strickland*'s high bar is never an easy task, and the strong societal interest in finality has special force with respect to convictions based on guilty pleas." *Lee v. United States*, 582 U.S. 357, 368–69 (2017) (internal quotation marks and citations omitted). "Where [] a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases." *Hill*, 474 U.S. at 56 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). To be effective, counsel must inform his client of available options and "explain the sentencing exposure the defendant will face as a consequence of exercising each of the options available." *Smith v. United States*, 348 F. 3d 545, 552-53 (6th Cir. 2003) (citation omitted). A lawyer's performance would be deficient if "counsel did not attempt to learn the facts of the case and failed to make a good-faith estimate of a likely sentence." *Pough*, 442 F.3d at 966 (quoting United States v. Cieslowski, 410 F.3d 353, 358–59 (7th Cir. 2005)).

### A. Coerced Plea

The Court first addresses Crawford's argument that counsel coerced him into pleading guilty to count one of the indictment. In support, Crawford alleges that counsel did not conduct any pre-trial investigation or inform him of potential defenses. (ECF No. 1-1, 1.) The potential defense that counsel supposedly did not inform Crawford of is that "evidence of association or acquaintance, though relevant, is not enough by itself to establish a conspiracy." (*Id.* (citing *United States v. Ivey*, 915 F.2d 380, 394 (8th Cir. 1990).) Crawford alleges that his attorney and the

4

Assistant United States Attorney conspired to trick him into believing that certain inadmissible evidence could be used to convict him on all counts and result in his serving a life sentence. (*Id.*) He maintains that this coerced him into pleading guilty even though he "repeatedly profess[ed] his innocence from onset." (*Id.* at 2.) Crawford argues that this was prejudicial because the Government could not and cannot prove that he committed the elements of any of the charged offenses beyond a reasonable doubt. (*Id.* at 1-2.)

The Government points out that the Court conducted a thorough plea colloquy and ultimately found that Crawford's plea was knowing and voluntary. (ECF No. 9, 11.) The Government also refers to the hearing transcripts which demonstrate that the Court addressed essentially the same arguments in the context of Crawford's two motions to withdraw his plea over the course of two different hearings. (*Id.*) There, the Court heard from the parties on Crawford's contention that he was coerced into entering the guilty plea based on conversations occurring during a recess in the change-of-plea hearing. (*Id.*; *see* ECF No. 1205, 15 (sealed); ECF No. 1206, 15 (sealed).) At that time, Crawford, his counsel, and the Government all indicated that during the conversation, Crawford was informed that if he declined to admit the facts alleged, he could lose some of the benefits of cooperating and pleading guilty. (ECF Nos. 9, 11 & 1205, 15.) The Court held that this was not coercion, and the Sixth Circuit agreed. (ECF Nos. 1206, 18-19 & 1336, 6.)

The Government also disagrees with Crawford's assertion that it could not prove all the elements of the charged offenses beyond a reasonable doubt. They refer to Attachment A to the Plea Agreement which describes the evidence collected by the Jackson Police Department, ATF, and FBI against the Gangster Disciples and Crawford, specifically. (*Id.*)

The Court does not find that Crawford has made a sufficient showing that his counsel performed deficiently, so it need not and does not address whether prejudice resulted. *See*

5

*Strickland*, 466 U.S. at 697. To meet his burden, Crawford must show that counsel did not attempt to learn the facts of the case and failed to make a good-faith estimate of a likely sentence.

First, the Court's complete advisement of Crawford's rights during the plea colloquy alone forecloses much of his argument because the defendant is deemed bound by his statements in response to the Court's inquiry, even if his counsel's advice was erroneous. *See United States v. Pola*, 703 F. App'x 414, 423 (6th Cir. 2017) (citing *Ewing v. United States*, 651 Fed.Appx. 405, 410 (6th Cir. 2016)). "Otherwise, the plea colloquy process would be rendered meaningless if a defendant could reopen the record by later asserting that actually, he misunderstood." *Id.* (citing *Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999)). The Court addressed this issue in both hearings concerning Crawford's motions to withdraw his plea. (*See* ECF Nos. 1205, 27 & 1206, 7-8.) There, the Court acknowledged that during the plea colloquy, it went through the facts that were in the plea agreement and Attachment A line-by-line, and ensured that Crawford was pleading guilty freely, voluntarily, knowingly and that he understood the impact of what he was doing. (*Id.*) Crawford did not dispute this, but still insisted that he was misled because he assumed that if he pled guilty, the Government would allow him to cooperate to reduce his sentence. (ECF No. 1206, 7.) This did not sway the Court in ruling on Crawford's motions to withdraw his plea, nor did it persuade the Sixth Circuit on direct appeal. It does not persuade the Court now either.

Setting aside this history, Crawford's coercion argument—a sequential chain of sub-arguments, wherein the denial of one argument entails the denial of all subsequent arguments—encounters other difficulties. Here, the first link in Crawford's argumentative chain is that his counsel allegedly did not tell him that evidence of association or acquaintance by itself is not sufficient to establish a conspiracy. If the Court accepts this argument, Crawford intends for the Court to then consider and accept his subsequent argument that this defense would either prove

6

his complete innocence or give him more leverage in plea bargaining. From there, the Court would need to accept his argument that because he was not informed of this defense, he was somehow coerced into pleading guilty. Assuming *arguendo* that defense counsel did not inform Crawford of this defense, the Court would not find that this had any effect in this case. First, during the plea colloquy, the Court clearly explained, and Crawford understood, that a conspiracy is an agreement between two or more people to commit a crime, and that if the case proceeded to jury trial, the Government would have been tasked with proving, among other things, the agreement between Crawford and at least one other co-conspirator. In addition, Attachment A to the Plea Agreement provides a broad summary of the evidence that the Government would have introduced to support its charges against Crawford. No part of the referenced material would be impacted or lessened by Crawford's counsel arguing that evidence of acquaintance or association does not prove conspiracy, because that is not what this evidence tends to support. Because this defense would have no bearing on the case, the Court need not consider whether defense counsel's alleged failure to inform Crawford of it worked to coerce him into pleading guilty. To summarize, Crawford's first argument fails because he has not shown that defense counsel's failure to inform him of a potential defense rendered counsel deficient or made a sufficient showing that he was coerced into pleading guilty.

### B. Failure to Object to Firearm Enhancement

Crawford next argues that his counsel was ineffective for failing to challenge a two-point firearm enhancement.[1] He states that "the firearm was found in a home unowned by Crawford, behind a sheet of wallpaper, in a cubbyhole. While there were in fact fingerprints on the gun, there's no evidence that either belong to Crawford." (ECF No. 1-1, 3.) Crawford acknowledges

---

[1] Crawford is referring to the enhancement described in Paragraph 81 of the Presentence Report. (*See* ECF No. 1102, 28 (sealed).)

that the address was associated with his car and that a pill bottle with his name on it was found at the home. (*Id*. at 3-4.) Nevertheless, he maintains that "[t]hose facts alone do[] not prove . . . by a preponderance of the evidence standard" that the enhancement should apply. (*Id*. at 4.) He contends that his attorney was aware or should have been aware of this, yet failed to object to the enhancement. (*Id.*)

The Government responds that defense counsel's failure to object to the enhancement does not fall short of the standard for effective assistance of counsel, and Crawford was not prejudiced by this failure at any rate. (ECF No. 9, 16.) First, with respect to the gun in the cubbyhole, the Government refers to additional evidence supporting the enhancement, including the fact that the ATF determined that the gun matched casings from the East End Shooting, and that Crawford had admitted under oath that there was enough evidence to prove that he ordered that shooting. (*Id.*) Second, the Government maintains that the two-point enhancement was not based on that gun alone. (*Id.*) The Government asserts that the enhancement was instead based on the fact that gang members had "possessed firearms in connection with drug trafficking" "[o]n various occasions between 2012 and 2016." (*Id*.) Because Crawford has not made an argument that goes beyond the single gun found in the wall, the Government insists that he has not and cannot credibly deny that Gangster Disciples members possessed guns in connection with drug trafficking during that four-year span. (*Id.*) Third, the Government points out that the enhancement related only to Count 1A, and did not make a difference in the calculation of the overall total offense level as determined by the multiple count adjustment. (*Id.*) This is because under the table in U.S.S.G. § 3D1.4, a defendant's offense level is increased by a maximum of 5 levels if the defendant has 5 or more "units" as defined in § 3D1.4(a), (b), and (c), and Crawford had 12.5 units with the firearm enhancement. Given that Crawford would have more than 5 units with or without the enhancement,

8

his offense level would be the same pursuant to U.S.S.G. § 3D1.4. Based on this, the Government concludes that Crawford's second claim fails *Strickland*'s prejudice prong.

The Court has reviewed the record and determined that the firearm enhancement had no effect on the Presentence Report's final recommendations, or the sentence imposed because Crawford's offense level would still be increased by 5 levels without the two-point enhancement. Given that no prejudice resulted regardless of whether the enhancement was imposed, the Court need not consider whether Crawford's counsel was deficient in failing to challenge the enhancement. *See Strickland*, 466 U.S. at 697.

### C. Appeal Issues

28 U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). The COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). No § 2255 petitioner may appeal without this certificate.

A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted).

> Where a district court has rejected a constitutional claim on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. . . . When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists

9

>of reason would find it debatable whether the district court was correct in its procedural ruling. . . .

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "In short, a court should not grant a certificate without some substantial reason to think that the denial of relief might be incorrect." *Moody v. United States*, 958 F.3d 485, 488 (6th Cir. 2020). "To put it simply, a claim does not merit a certificate unless every independent reason to deny the claim is reasonably debatable." *Id.*; *see also id.* ("Again, a certificate is improper if any outcome-determinative issue is not reasonably debatable.").

There can be no question that the issues raised in Crawford's § 2255 Petition are meritless for the reasons previously stated. The Court therefore **DENIES** a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade*, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must file her motion to proceed in forma pauperis in the appellate court. *See* Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court also determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is **DENIED.**

## IV. CONCLUSION

Consistent with the foregoing, Crawford's § 2255 Petition is **DENIED** as to both grounds set forth therein. The Court also **DENIES** a certificate of appealability, and **CERTIFIES** that an appeal would not be taken in good faith.

**IT IS SO ORDERED**, this 2nd day of May, 2024.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge
